IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,
 v.

Case No. 2:19-CR-170
Case No. 2:21-CR-54
JUDGE EDMUND A. SARGUS, JR.

KISHA HOLLINS-JOHNSON,
   Defendant.

**OPINION AND ORDER**

  This matter arises on Defendant Kisha Hollins-Johnson's Motion for Compassionate Release. (ECF No. 64, *United States v. Hollins-Johnson*, Case No. 2:19-CR-00170-EAS-1) (hereinafter "*Hollins-Johnson I*"); (ECF No. 37, *United States v. Hollins-Johnson*, Case No. 2:21-CR-00054-EAS-1) (hereinafter "*Hollins-Johnson II*"). For the reasons stated herein, Ms. Hollins-Johnson's motion is **DENIED**. (*Id.*)

**I.**

  On March 12, 2020, this Court sentenced Ms. Hollins-Johnson to, inter alia, an aggregate of twenty-eight months of imprisonment on Counts One through Six of the Information filed in *Hollins-Johnson I*. (*Hollins-Johnson I*, ECF No. 23.) Over a year later, on December 1, 2021, this Court sentenced Ms. Hollins-Johnson to twelve months of imprisonment on Count One of the Indictment (Possession of a Firearm by a Convicted Felon While on Release in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3147(1)) in *Hollins-Johnson II*. (*See Hollins-Johnson II*, ECF No. 35.) Ten months of Ms. Hollins-Johnson's sentence in *Hollins-Johnson II* are to be served concurrently to her sentence in *Hollins-Johnson I*. (*Id.*) The remainder is to be served

consecutively. (*Id.*) The Bureau of Prisons currently anticipates Ms. Hollins-Johnson, who is forty-four years old, to be released on January 13, 2023.[1]

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners who face extraordinary health concerns and/or other hardships. *See United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Until 2018, only the Director of the BOP could properly move a district court to grant such a reduction. *Id.* The passage of the First Step Act of 2018 now enables federal inmates to move for their compassionate release where, as here, the BOP refuses to do so. 18 U.S.C. § 3582(c)(1)(A) (allowing defendants to bring a motion for compassionate on their own after they have either (1) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or (2) allowed thirty days to pass since the transmission of their motion to the warden of their respective facility, whichever is sooner).

District courts, upon review of a properly filed motion for compassionate release, generally must engage in a three-pronged inquiry. *See Ruffin*, 978 F.3d at 1004. Step one of the analysis requires courts to identify whether any "extraordinary and compelling reasons" support a defendant's sought-after sentence reduction. *Id*. Step two requires them to determine whether "such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." *Id.* at 1005. Step three, finally, requires a determination as to whether the "applicable" sentencing factors set forth in 18 U.S.C. § 3553(a) warrant in favor of granting the defendant's requested reduction. *Id.*

---

[1] Bureau of Prisons, *Find an Inmate* (as of Apr. 8, 2022), https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results

Several aspects of this analysis are of note. As an initial matter, district courts wield "full discretion" to determine whether the basis of a motion for compassionate release is "extraordinary and compelling" when that motion is filed by an incarcerated person. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Such is the case here. To that end, this Court has the authority to "skip step two" of the compassionate release inquiry entirely. *Id.* And at step three, this Court still wields "substantial discretion" to grant or deny Ms. Hollins-Johnson's request. *Ruffin*, 978 F.3d at 1005. Thus, even if "extraordinary and compelling reasons" underpin Ms. Hollins-Johnson's motion, this Court may nevertheless decline to reduce her sentence if it finds that the "applicable" parts of § 3553(a) do not militate in her favor. *Id.*

### III.

Ms. Hollins-Johnson moves for compassionate release on two separate bases. First, she states that various health conditions—namely, asthma, obesity, high blood pressure, a hernia, and digestive issues—render her exceptionally vulnerable to suffering severe disease should she to become infected with COVID-19. She also notes that the current caregiver of her son—her mother—possesses serious health issues which render her unable to conduct her daily activities. To that end, Ms. Hollins-Johnson asserts that her mother has become "incapacitated," and, therefore, is unable to care for her son, whom she notes possesses various health issues himself.

As set forth above, for Ms. Hollins-Johnson's motion to prevail, it must ultimately be clear to this Court that § 3553(a) permits a reduction of her aggregate sentence. Ms. Hollins-Johnson, however, has presented no argument as to why that is the case. Nor is this Court inclined to believe that any such argument exists, given that less than five months have elapsed since it last considered § 3553(a) in relation to Ms. Hollins-Johnson's term of imprisonment. Accordingly, even if Ms. Hollins-Johnson has presented "extraordinary and compelling" reasons to reduce her sentence—

and the Court makes no determination one way or the other as to whether she has—her motion ultimately does not pass muster under § 3582(c)(1)(A).

For that reason, Ms. Hollins-Johnson's Motion for Compassionate Release is **DENIED**. (*Hollins-Johnson I*, ECF No. 64; *Hollins-Johnson II*, ECF No. 37.)

**IT IS SO ORDERED.**


**4/15/2022**                                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                                             **EDMUND A. SARGUS, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**